UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAROLD JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4564** |
| **PROGRESSIVE PROPERTY INSURANCE COMPANY** | **SECTION "O"** |

ORDER AND REASONS

Before the Court in this first-party-insurance case filed under the Court's diversity jurisdiction, 28 U.S.C. § 1332(a)(1), is the opposed motion[1] of Defendant Progressive Property Insurance Company to dismiss Plaintiff Harold Jackson's Louisiana-law breach-of-contract and bad-faith claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiff has not carried his Rule 12(b)(1) burden to establish the Court's subject-matter jurisdiction because Plaintiff has not shown that the parties are completely diverse. For purposes of diversity jurisdiction, Plaintiff is a Louisiana citizen because Plaintiff is a natural person domiciled in Louisiana. And Defendant is deemed a Louisiana citizen for purposes of diversity jurisdiction for the independent reasons that Defendant, a corporation, (1) is incorporated in Louisiana and (2) has its principal place of business in Louisiana. Because both Plaintiff and Defendant are Louisiana citizens, complete diversity does not exist. And because complete diversity does not exist, the Court lacks subject-matter jurisdiction. Accordingly, for these reasons and those that follow, Defendant's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**.

---

[1] ECF No. 9.

## I.   BACKGROUND

This first-party-insurance dispute arises from Plaintiff's claim that Defendant failed to timely and adequately pay Plaintiff the proceeds allegedly due under an insurance policy for damage that Plaintiff's property suffered during Hurricane Ida.[2]

Plaintiff is a natural person domiciled in St. John the Baptist Parish, Louisiana.[3] Defendant is an insurer that has been incorporated in Louisiana and has had its principal place of business in Metairie, Louisiana since April 2022, at the latest.[4] Defendant issued Plaintiff an insurance policy covering Plaintiff's LaPlace, Louisiana home.[5] After Plaintiff's home "sustained significant damages resulting from Hurricane Ida,"[6] Plaintiff submitted a claim under the policy.[7] Among other things, Plaintiff alleges that Defendant "failed to timely and reasonably" adjust the claim;[8] that Defendant "unjustifiably failed or refused to perform its obligations under the policy";[9] that Defendant "wrongfully or unfairly limited payment on [the] claim";[10] and that Defendant "fail[ed] to comply with the terms of its own [p]olicy."[11]

---

[2] *See generally* ECF No. 1.
[3] *Id.* at ¶ 1.
[4] *See* ECF No. 9-4 at 2 (Louisiana Department of Insurance certificate of authority dated April 1, 2022 approving Defendant's application to act as an admitted insurer in the State of Louisiana); *id.* at 5–7 (amended and restated articles of incorporation of Defendant approved by the Louisiana Department of Insurance on October 26, 2021 reflecting Defendant's incorporation in Louisiana and Defendant's principal place of business located at 3616 South I-10 Service Road West, Suite 103, Metairie, Louisiana 70001); *id.* at 8 (August 26, 2021 resolution of Defendant reflecting Defendant's directors' approval of Defendant's redomestication to the State of Louisiana).
[5] ECF No. 1 at ¶¶ 9–10.
[6] *Id.* at ¶ 13.
[7] *Id.* at ¶ 17.
[8] *Id.* at ¶ 38.
[9] *Id.* at ¶ 40.
[10] *Id.*
[11] *Id.* at ¶ 41.

Invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332(a), Plaintiff sued Defendant in August 2023.[12] Plaintiff alleges that Defendant breached the insurance policy and violated statutory duties to adjust Plaintiff's claim in good faith under Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[13] Plaintiff seeks damages, attorney's fees, penalties, and declaratory relief relating to Defendant's obligations under Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[14]

Now, Defendant moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), contending that the Court lacks diversity jurisdiction because the requirement of complete diversity is not met.[15] Plaintiff opposes.[16]

## II. LEGAL STANDARD

A party may move to dismiss a case for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The Court may assess subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party

---

[12] *Id.* at ¶¶ 1–54. Plaintiff also invoked the Declaratory Judgment Act, 28 U.S.C. § 2201, ECF No. 1 at ¶ 4, but "[t]he Declaratory Judgment Act 'does not itself confer jurisdiction on the federal courts.'" *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022) (quoting *Jolly v. United States*, 488 F.2d 35, 36 (5th Cir. 1974)).
[13] *Id.* at ¶¶ 46–49 (breach of contract); ¶¶ 50–53 (violation of Sections 22:1892 and 22:1973).
[14] *Id.* at ¶¶ 44–45, 54.
[15] ECF No. 9.
[16] ECF Nos. 15 (opposition) & 26 (surreply).

3

asserting jurisdiction," so "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (internal citations omitted).

## III. ANALYSIS

Defendant moves the Court to dismiss this case for lack of subject-matter jurisdiction, contending that Plaintiff cannot carry his burden to establish diversity jurisdiction because Plaintiff and Defendant are Louisiana citizens. The Court has diversity jurisdiction over "all civil actions" that are (1) "between citizens of different States" and (2) "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires 'complete diversity,' which means that 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 408 (5th Cir. 2023) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). Here, "[t]he burden of establishing complete diversity rests on" Plaintiff, "the party invoking federal jurisdiction." *Id.* (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

Plaintiff has not carried his burden to establish complete diversity. It is undisputed that Plaintiff is a Louisiana citizen;[17] the dispositive question is whether Defendant is also a Louisiana citizen. It is. As a corporation, Defendant is "deemed to be a citizen of every State and foreign State by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the corporation's "nerve

---

[17] *See* ECF No. 1 at ¶ 1 (alleging that Plaintiff "is domiciled in St. John the Baptist Parish, Louisiana"); ECF No. 15 at 4 (asserting that "Mr. Jackson is admittedly a citizen of Louisiana").

4

center"—"the place where [the] corporation's officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Here, Defendant is "deemed to be a citizen" of Louisiana for two independent reasons. 28 U.S.C. § 1332(c)(1). First, Defendant "has been incorporated" in Louisiana since April 2022 at the latest—over 16 months before Plaintiff filed this lawsuit in August 2023.[18] *Id.* Second, Defendant's "principal place of business" is in Metairie, Louisiana.[19] *Id.* Thus, for each of these reasons, Defendant is "deemed to be a citizen" of Louisiana for purposes of diversity jurisdiction. *Id.* Because Defendant is "deemed to be a citizen" of Louisiana, the requirement of complete diversity is not met, and the Court lacks diversity jurisdiction under Section 1332(a)(1)—the only asserted basis for subject-matter jurisdiction.[20] *Id.* And because the Court lacks subject-matter jurisdiction, the Court "must" dismiss this case.[21] FED. R. CIV. P. 12(h)(3).

Plaintiff resists Rule 12(b)(1) dismissal on four grounds; each fails. First, Plaintiff contends that the Court "should apply the alter ego doctrine in a manner like the Fifth Circuit did in *Freeman v. Northwest Acceptance Corp.*[22] to ignore" Defendant's Louisiana citizenship and instead "impute" to Defendant the non-

---

[18] *Compare* ECF No. 9-4 *with* ECF No. 1.
[19] ECF No. 9-3 at 1; *see also* ECF No. 9-4 at 5.
[20] As noted at footnote 12, *supra*, the Declaratory Judgment Act does not supply an independent basis for federal subject-matter jurisdiction. *See Ariyan, Inc.*, 29 F.4th at 232.
[21] *Accord, e.g.*, *Herbert v. ASI Lloyds*, No. 23-CV-4772, 2023 WL 8701208, at *3 (E.D. La. Dec. 15, 2023) (dismissing Louisiana citizen's lawsuit against Progressive Property Insurance Company for lack of subject-matter jurisdiction because Progressive showed that it was a citizen of Louisiana); *Boone v. Progressive Home Ins. Co.*, No. 2:22-CV-04959, 2023 WL 4379340, at *2 (W.D. La. July 6, 2023) (same; complete diversity was lacking because "Progressive show[ed] that it became domiciled in Louisiana in April 2022 . . . when it moved its principal place of business to Metairie"); *Williams v. Progressive Ins. Co.*, No. 2:22-CV-4933, 2023 WL 5487384, at *2 (W.D. La. Aug. 23, 2023) (same).
[22] 754 F.2d 553 (5th Cir. 1985).

Louisiana citizenship of Defendant's "parent" and "grandparent" companies.[23] The Court declines Plaintiff's invitation. For starters, the Fifth Circuit has not applied *Freeman*'s alter-ego doctrine to expand—rather than to limit—diversity jurisdiction. And that is for good reason: *Freeman* expressly "limited" its "holding" "to those instances in which imputing the citizenship of a subsidiary to its parent and alleged alter ego serves the congressional purpose of *denying a federal forum* to actions wholly local in character." *Freeman*, 754 F.2d at 558–59 (emphasis added). And even more fundamentally, Plaintiff's proposal—applying *Freeman*'s alter-ego doctrine to create diversity jurisdiction that would not otherwise exist—clashes with "Congress' intendment to *constrict* the availability of diversity jurisdiction." *Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352, 354 (5th Cir. 1985) (emphasis added) (citing *Jerguson v. Blue Dot Inv., Inc.*, 659 F.2d 31 (5th Cir.), *cert denied*, 456 U.S. 946 (1981); *Canton v. Angelina Cas. Co.*, 279 F.2d 553 (5th Cir. 1960)).

Second, Plaintiff contends that Defendant's principal place of business is not in Metairie, Louisiana—as the certified documents[24] approved on behalf of the Louisiana Commissioner of Insurance reflect—but is instead in St. Petersburg, Florida.[25] The Court is not the first to consider this argument. Confronting the same argument, "multiple courts have recently found that Progressive has its principal place of business in Louisiana." *Herbert*, 2023 WL 8701208, at *3; *see also, e.g., Boone*, 2023 WL 4379340, at *2; *Williams*, 2023 WL 5487384, at *2. Plaintiff has not

---

[23] ECF No. 15 at 1.
[24] *See* ECF No. 9-4 at 1–14.
[25] ECF No. 15 at 8–17.

persuaded the Court that those courts have ruled incorrectly. Nor has Plaintiff shown that the certified Louisiana Department of Insurance documents[26] attached to Defendant's motion—reflecting Defendant's Metairie, Louisiana principal place of business as of April 2022, at the latest—are incorrect, inauthentic, or otherwise unworthy of consideration. And even if Defendant's principal place of business were in St. Petersburg, Florida, rather than in Metairie, complete diversity still would not exist: Defendant still would be "deemed to be a citizen" of Louisiana under Section 1332(c)(1) because Defendant became incorporated in Louisiana in April 2022, at the latest—over 16 months before Plaintiff sued. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business").

Third, Plaintiff contends that Defendant's redomestication as a Louisiana corporation "may have been completed incorrectly."[27] This argument also fails. The Louisiana Department of Insurance documents attached to Defendant's motion confirm that Defendant reincorporated in Louisiana as of April 2022, at the latest, and Plaintiff has not shown that these documents are incorrect, inauthentic, or otherwise unworthy of consideration. "Therefore, [P]laintiff[], as the party asserting federal jurisdiction, ha[s] not carried [his] burden of proof." *Herbert*, 2023 WL 8701208, at *3 (citing *Ramming*, 281 F.3d at 161); *see id.* (rejecting materially identical challenge to Progressive Property Insurance Company's redomestication as a Louisiana corporation); *see also Herbert v. ASI Lloyds*, No. 23-CV-4772, 2024 WL

---

[26] *See* ECF No. 9-4 at 1–14.
[27] ECF No. 15 at 17; *see also* ECF No. 26 at 1–6.

7

493304, at *2 (E.D. La. Feb. 8, 2024) ("reaffirm[ing]" rejection of plaintiffs' challenge to Progressive Property Insurance Company's Louisiana redomestication).

Finally, Plaintiff contends that the Court should "permit limited jurisdictional discovery" to explore Defendant's "incorporation, principal place of business, and domestication."[28] The Court declines. As "[t]he party seeking jurisdictional discovery," Plaintiff "must 'make clear which specific facts he expects discovery to find.'" *I F G Port Holdings, L.L.C.*, 82 F.4th at 409 (quoting *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021)). He fails to do so. He asks for "narrowly tailored jurisdictional discovery limited to the production of select documents by Progressive, ARX, and Progressive Corp.[,] and concisely scoped corporate depositions of those three entities," but he does not articulate what specific information relevant to the jurisdictional analysis he expects those documents or depositions to uncover.[29] The Fifth Circuit "has rejected litigants' attempts to conduct 'jurisdictional fishing expeditions,'" *id.* at 410 (quoting *Johnson*, 21 F.4th at 326 (brackets omitted)), and the Court rejects Plaintiff's attempt to do so here.

---

[28] ECF No. 15 at 18 (initial capitals omitted); *see also* ECF No. 26 at 5–6.
[29] ECF No. 15 at 18.

8

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Federal Rule of Civil Procedure 12(b)(1) motion[30] to dismiss for lack of subject-matter jurisdiction is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A final judgment will follow in accordance with Federal Rule of Civil Procedure 58.

New Orleans, Louisiana, this 18th day of June, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[30] ECF No. 9.